IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DANIEL M. DURAM, | CV 19-33-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER |
| BIG SKY FAMILY MEDICINE, and JONATHAN ANDERSON, M.D., | |
| Defendants. | |

**I. In Forma Pauperis Application**

Plaintiff Daniel Duram, appearing pro se, filed an application requesting leave to proceed in forma pauperis. He submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Duram's application is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Duram's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

1

screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Duram's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. Background

On May 17, 2017, Duram sought medical care at Big Sky Family Medicine in Kalispell, Montana for what he states was a heart attack. He had to wait for an hour and a half before he saw Dr. Jonathan Anderson. He told Dr. Anderson he was experiencing severe chest pain and that he was having a heart attack.

According to Duram, Dr. Anderson did not believe Duram was having a heart attack or that he was in pain, and Dr. Anderson did not conduct any medical tests on Duram. Instead, Dr. Anderson believed Duram was seeking to obtain pain medicine for unlawful purposes. After 30 minutes Duram convinced Dr. Anderson to prescribe pain medicine. But Duram alleges the delay in treatment from Dr. Anderson caused permanent damage to Duram's health. He asserts Defendants are liable for medical malpractice and the infliction of emotional distress. The claims are cognizable under Montana law.

### III. Discussion

Because Duram is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

For the reasons discussed, even with liberal construction of Duram's allegations the Court concludes it does not have jurisdiction over his claims. Thus, his pleading is subject to dismissal.

In federal court, a plaintiff's pleading must set forth sufficient allegations to invoke the jurisdiction of the court. Fed. R. Civ. P. 8(a)(1).[1]

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A plaintiff bears the burden to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Absent jurisdiction, a case is subject to dismissal. Fed. R. Civ. P. 12(h)(3).

Furthermore, the federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). And a district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

---

[1] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

A federal court's jurisdiction is generally limited to cases involving diversity of citizenship (28 U.S.C. § 1332), a federal question (28 U.S.C. § 1331), or cases in which the United States is a party (28 U.S.C. §§ 1345 and 1346). Sections 1345 and 1346 are not applicable in this case because the United States is not a party to this action.

Federal question jurisdiction requires that a plaintiff's civil action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As pled, Duram's complaint fails to set forth any basis for federal question jurisdiction under 28 U.S.C. § 1331. Duram's complaint does not expressly plead any cause of action arising under any specific provision of the United States Constitution, or the laws or treaties of the United States. And the Court finds that his medical negligence and tort claims do not invoke any provision of federal law that would provide a jurisdictional basis on which this Court could act.

Alternatively, the district courts have jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000[,]" and the civil action is between citizens of different States. 28 U.S.C. § 1332(a); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). Diversity jurisdiction requires complete diversity of citizenship between the plaintiff and each defendant. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025

(9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)). The plaintiff must be a citizen of a different state than each of the defendants, and a plaintiff must affirmatively allege the citizenship of each party to the action. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) and *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Here, although Duram's allegations in his complaint assert he is entitled to compensation well in excess of the $75,000 threshold, his allegations do not reflect that his citizenship is different than that of each Defendant. He resides in an apartment in Kalispell, Montana suggesting he may be a citizen of Montana. (Doc. 2 at 3.) And he lists a business address for each Defendant that is in Kalispell, Montana. (*Id.*) Therefore, Duram's complaint fails to affirmatively set forth facts to establish that diversity of citizenship exists between he and each Defendant.

## IV. Conclusion

Based on the foregoing, the Court finds Duram has failed to plead any factual or legal basis for this Court's jurisdiction over his claims. And as presently pled, Duram's complaint is subject to dismissal.

But in view of Duram's pro se status, and the lack of precise allegations as to each party's citizenship, the Court cannot assume all parties are citizens of Montana. It is at least plausible that despite Duram's residence in Kalispell,

Montana, he could be a "citizen" of another state. *See Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) (holding that diversity of citizenship jurisdiction is dependent upon the parties' citizenship, not their residence, and "citizen" and "resident" are not synonymous). Thus, the Court will afford Duram an opportunity to amend his pleading to affirmatively state the jurisdictional basis for this action.

Accordingly, **IT IS HEREBY ORDERED** that on or before **March 21, 2019,** Duram shall file an amended complaint. Duram is cautioned that pursuant to to Fed. R. Civ. P. 8(a), his amended complaint shall set forth a short and plain statement of (1) his claims against each individual defendant showing that he is entitled to relief, and (2) the grounds for this Court's jurisdiction over this action.

At all times during the pendency of this action, Duram shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

And Duram is advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule

41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 21st day of February, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge